IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAIKER ALVIAREZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JUAN FUENMAYOR, ET AL. | § § § § |
| Plaintiffs, | § CIVIL ACTION NO. H-22-376 § |
| VS. | § § |
| GOYA FOODS, INC., ET AL., | § § |
| Defendants. | § § |

**ORDER**

The facts of this case are sad. Juan Fuenmayor was working at a Goya food facility in Brookshire, Texas when the forklift he operated hit an overhead pipe. The pipe released hot substances that severely burned Fuenmayor and resulted in his death. His wife, Naiker Alviarez, sued Goya in Texas state court on behalf of herself and the estate. Goya removed to this court on the basis of diversity jurisdiction. When Goya removed this action, it was the only defendant. The removal notice stated that Goya is a Delaware corporation with its principal place of business in New Jersey, and that the plaintiffs (at the time, Alviarez and Fuenmayor's estate) were citizens of Texas and Venezuela.

Alviarez has since twice amended her complaint, adding both plaintiffs and defendants. (Docket Entry Nos. 12, 27). Alviarez now seeks to amend her complaint a third time, to add several new defendants. (Docket Entry No. 41). Both sides agree that these added defendants are necessary parties. They disagree on whether adding them would destroy diversity and require remand. The issue is whether the plaintiffs are citizens of Texas (which would destroy diversity) or citizens of Venezuela, which keeps the case in federal court.

The operative complaint, (Docket Entry No. 27), includes as plaintiffs Alviarez, Fuenmayor's estate, Fuenmayor's minor son, and Fuenmayor's mother. Each plaintiff is described as "an individual residing in Texas." The defendants are Goya Foods, Inc., Key Technology, Inc., Mectra S.p.A., and EMS Group, USA, LLC. Goya is described as "an entity doing business in the State of Texas." Key is described as a corporation "doing business in the State of Texas" with an address in Washington. Mectra is a foreign corporation, and EMS, LLC is its parent company. EMS is described as "doing business in the State of Texas," and the complaint provides a Florida address.

The third amended complaint seeks to add as defendants Apex Construction, Inc., BFM Equipment Sales, LLC, Zachry, LLC, Ruby PR, LLC, and Jacobs Engineering Group, Inc. The proposed complaint alleges that Apex, Jacobs, and Zachry LLC are citizens of Texas. Alviarez argues that the addition of these defendants would destroy diversity because the plaintiffs are also citizens of Texas. The defendants do not oppose the addition of the new defendants, but they argue that the plaintiffs are citizens of Venezuela, so diversity would still be complete. (Docket Entry Nos. 42, 46).

In a diversity case, a federal court has jurisdiction over:

> all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State . . . .

28 U.S.C. § 1332(a). The party invoking jurisdiction has the burden of proving jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Generally, "[t]o

be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States and a domiciliary of that State." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). A foreign national need not be a citizen, but rather "lawfully admitted for permanent residence in the United States." 28 U.S.C. § 1332(a)(2).

"The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court. Moreover, the Supreme Court has held that a party cannot waive the defense and cannot be estopped from raising it." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted). "Finally, although the diversity statute provides for jurisdiction between a citizen of the United States and a citizen of a foreign state, there is no jurisdiction over a suit between a citizen of the United States and a person who is not a citizen of any country—someone who is stateless." 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3604 (3d ed.).

With these standards in mind, the court set this case for a hearing and asked counsel to discuss whether any plaintiff is domiciled in Texas. Counsel provided helpful information, but the court finds that the record still does not provide the information necessary to determine the plaintiffs' citizenship. Areas needing further clarification are as follows.

(1) Goya is incorporated in Delaware and has its principal place of business in New Jersey. But the court has not been provided with the principal place of business and state of incorporation for the other corporate defendants or for the proposed corporate defendants—Key, Mectra, Apex, and Jacobs.

(2) The Fifth Circuit has held that "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The court has not been provided with information as to the

citizenship of all the members of each of the LLCs that have been added as defendants or have been proposed to be added as defendants—EMS, BFM, Zachry, and Ruby PR.

(3) The defendants provided a bench brief before the hearing in which they referred to various documents that purport to prove the plaintiffs' lack of Texas citizenship. The court has not been provided with these documents. Nor has the court been provided with proof of Venezuelan citizenship (or its absence).

(4) Plaintiffs' counsel referred during the hearing to evidence probative of the plaintiffs' Texas citizenship. The court has, however, not been provided with this evidence, including Ms. Aviarez's declaration or affidavit, tax records, W-2s, payroll stubs, or similar items.

(5) The court has not been provided with adequate briefs as to the effect of an admission in a removal notice.

(6) If the court determines that joinder is not feasible, the Federal Rules require the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). The Rule 19(b) factors include whether "a judgment rendered in the person's absence might prejudice that person or the existing parties," and whether that prejudice could be avoided by any measures the court could take. The court needs more information and guidance on this issue.

The court orders the parties to provide a joint statement on the citizenship of each party and each proposed party. The joint statement should note the issues as to which the parties disagree and must be submitted by December 1, 2022. Each side must also provide to the court briefs on disputed citizenship issues and the Rule 19(b) considerations, no longer than 10 pages and no later

than December 1, 2022. Evidence the parties rely on should be attached and filed as part of the record.

SIGNED on November 16, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge