IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAIKER ALVIAREZ, INDIVIDUALLY §<br>AND ON BEHALF OF THE ESTATE OF §<br>JUAN FUENMAYOR, ET AL. §<br>§<br>Plaintiffs, §<br>VS. §<br>§<br>GOYA FOODS, INC., ET AL., §<br>§<br>Defendants. § | CIVIL ACTION NO. H-22-376 |

## ORDER

Naiker Alviarez, sued Goya Foods, Inc. in Texas state court after her husband, Juan Fuenmayor, died while working at a Goya facility in Brookshire, Texas. Goya removed on the basis of diversity jurisdiction. Alviarez has since twice amended her complaint, adding both plaintiffs and defendants. (Docket Entry Nos. 12, 27). Alviarez now seeks to amend her complaint a third time. (Docket Entry No. 41). Both sides agree that the new defendants are necessary parties. They disagree on whether adding them would divest the court of federal diversity jurisdiction. The issue is the citizenship of the plaintiffs.

The operative complaint, (Docket Entry No. 27), includes as plaintiffs Alviarez, Fuenmayor's estate, Fuenmayor's minor son, and Fuenmayor's mother. Each plaintiff is described as "an individual residing in Texas." The proposed third amended complaint seeks to add as defendants Apex Construction, Inc., BFM Equipment Sales, LLC, Zachry, LLC, Ruby PR, LLC, and Jacobs Engineering Group, Inc. This proposed complaint alleges that Apex, Jacobs, and Zachry LLC are citizens of Texas. Alviarez argues that adding these defendants would destroy

diversity because the plaintiffs are also citizens of Texas. Goya argues that the plaintiffs are citizens of Venezuela, making diversity complete. (Docket Entry Nos. 42, 46).

Both sides agree that these proposed new defendants are required parties and that the court cannot in their absence issue appropriate relief. The motion to amend the complaint, (Docket Entry No. 41), is therefore granted. *See* FED. R. CIV. P. 19(b). The plaintiffs have indicated their intent to file a remand motion; the court does not need to wait for the motion to consider whether it continues to have jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

The court held oral argument and requested additional briefing on the issue of the plaintiffs' citizenship, which both sides timely submitted. (Docket Entry Nos. 47–51). Having considered the briefs, the record, and the law, the court concludes that diversity is not destroyed by the addition of the proposed new defendants because the plaintiffs are citizens of Venezuela. There is no need to remand. The reasons for this ruling are set out below.

I.   **Legal Background**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The party who

invokes the jurisdiction of the federal courts bears the burden of showing that jurisdiction is proper. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

> The diversity jurisdiction statute states:
>
> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state *who are lawfully admitted for permanent residence* in the United States and are domiciled in the same State. . . .

28 U.S.C. § 1332(a)(2) (emphasis added).

"The term 'permanent' means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law." 8 U.S.C. § 1101(a)(31). The word "lawfully" was added into § 1332(a) in 2011 to clarify that the statute did not apply "to *all* aliens residing in the United States with the intent to remain indefinitely." 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3604 (3d ed.). It instead applies only to those whose status in the United States is not just legal, but also permanent. *Id.* So, "[t]he term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20).

**II.     Analysis**

Naiker Alviarez and Juan Fuenmayor relocated to the United States from Venezuela in 2018. (Docket Entry No. 51 at 2). They present the following evidence to establish their Texas citizenship: Naiker Alviarez and Juan Fuenmayor had a home in Texas; they had driver's licenses issued by the State of Texas; they worked in the United States; they paid taxes; and they were

assigned social security numbers, which are given to noncitizens only when they are "authorized to work in the United States by the Department of Homeland Security." (Docket Entry No. 51 at 2–3 (quoting reference omitted)). In March 2019, Alviarez and Fuenmayor also submitted applications for asylum. (Docket Entry Nos. 50-8, 50-9). The applications have been pending for almost 3 years.

The record shows that Alviarez and Fuenmayor were lawfully present in the United States. It also establishes that they intended to remain in the United States indefinitely. The evidence does not, however, show that they were "lawfully admitted *for* permanent residence." 28 U.S.C. § 1332(a)(2) (emphasis added). Although their intent may have been to remain in the United States permanently, their legal status in this country was temporary. The temporary nature of their legal status is supported by the time-limited employment authorizations Fuenmayor received. (*See, e.g.*, Docket Entry No. 50-10 (Fuenmayor was authorized to work in the United States from November 1, 2019, through October 31, 2021)). The pending applications for asylum do not confer permanent legal status, as shown by the fact that some courts have held that even "a political asylee is not a person admitted to the United States for permanent residence within the meaning of Section 1332(a)." *Fedoseev v. Alexandrovich*, No. 05-cv-536, 2006 WL 964281, at *2 (D. Ariz. Apr. 11, 2006) (quoting *Aideyan v. Greaves*, 908 F. Supp. 196, 197 (S.D.N.Y. 1995)).

Alviarez and Fuenmayor argue that the court nevertheless lacks jurisdiction because, in its removal notice, Goya stated that, on information and belief, the plaintiffs were citizens of Texas and the statement is a binding judicial admission. The argument is unpersuasive. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Goya did not formally concede the plaintiffs' citizenship. Goya instead merely repeated

the citizenship statement that the plaintiffs provided in their complaint. Goya could not account for the plaintiffs' responses to post-removal interrogatories, wherein the plaintiffs stated that they were Venezuelan citizens, (Docket Entry No. 50 at 2), because Goya had not at the time of removal had the opportunity for that discovery. Goya's statement in the removal notice does not constitute a judicial admission.

Because there is no evidence in the record that establishes that either plaintiff was "lawfully admitted for permanent residence" in the United States, they are properly considered "citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Because Alviarez and Fuenmayor are citizens of Venezuela, diversity is complete and will remain so after the proposed new defendants are added. The amended complaint must be filed no later than February 10, 2023.

SIGNED on January 11, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge