GPC.15980

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| NAIKER ALVAIREZ, Individually and on behalf of the estate of Juan Fuenmayor, et al | § § § | Civil No. 4:22-cv-00376 |
| v. | § § § | |
| GOYA FOODS INC, et al | § § § | JURY DEMAND |

## DEFENDANT'S 12(B)(2) MOTION TO DISMISS AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **RUBY PR, LLC f/k/a Industrial Rubber and Mechanics ("Ruby PR" herein)**, in the above entitled and numbered cause, and respectfully files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) prior to any other pleas, pleadings or motions, and objects to the jurisdiction of this Court over it in this matter. Ruby PR also files its Original Answer. Ruby PR respectfully requests this Honorable Court to dismiss this action against Ruby PR for lack of personal jurisdiction, and states the following in support thereof:

**A.**

**MOTION TO DISMISS**

1. Ruby PR denies that this Court has personal jurisdiction over it, and Plaintiff's Complaint should be dismissed under Rule 12(b)(2). Ruby PR is not incorporated in the state of Texas, its principal place of business is in Guaynabo, Puerto Rico, and its registered agent is located in Guaynabo, Puerto Rico.

2. Ruby PR has no minimum contacts with the state of Texas.

3. Ruby PR has no contacts with the state of Texas so its contacts are not continuous nor systematic to establish general jurisdiction.

4. Ruby PR did not purposefully avail itself of the laws and regulations of the state of Texas.

1

5. The exercise of jurisdiction over Ruby PR would offend the traditional notions of fair play and substantial justice, and it would deprive Ruby PR due process as guaranteed by the United States Constitution and the Texas Long Arm statute.

6. Ruby PR respectfully requests the Court to dismiss all of Plaintiff's claims against Ruby PR.

## I.
## FACTS

7. On November 17, 2021, Plaintiff filed her Amended Complaint for Temporary Restraining Order claiming personal bodily injuries for negligence and gross negligence against Defendants Goya Foods, Inc. and KDW, Ltd. in Harris County, TX.

8. On May 27, 2022, Plaintiff filed a First Amended Complaint that still did not include Ruby PR as a party-defendant.

9. On July 11, 2022, Plaintiff filed a Second Amended Complaint that still did not include Ruby PR as a party-defendant.

10. On January 11, 2023, Plaintiff filed a Third Amended Complaint adding Ruby PR as a party Defendant and specifically alleging against Ruby is a company located in San Juan, Puerto Rico and "is doing business in the State of Texas" and may be served with process by serving its registered agent, United Agent Group, Inc., Meteor Office Park #7, Suite 204, Guaynabo, PR 00968. *See* DKT 54, a copy of Plaintiff's Third Amended Complaint at paragraph 13. Ruby does not do business in the State of Texas as alleged by Plaintiff. *See Plaintiff's Third Amended Complaint DKT 54 and Exhibit A Affidavit.*

11. On February 3, 2023, Goya Foods, Inc. removed this case to federal court.

12. A portion of the Third Amended Complaint alleges that Ruby PR "provided materials for the piping." *Id.* at paragraph 17. It also alleges Ruby PR failed to direct and consult

with others through the construction and installation of the facility, which included the installation and the hook-up of the manufactured equipment and systems design. *Id.* at paragraph 22.

13. Plaintiff agrees that Ruby PR is a limited liability company organized and solely existing under the laws of San Juan, Puerto Rico, with its principal place of business in Guaynabo, Puerto Rico, from which its only and high-level officers direct, control, and coordinate Ruby PR's corporate activities. *Id.* at paragraph 13.

*14.* Ruby PR has no locations and no direct sales to the State of Texas. *See the Affidavit attached as Exhibit A*

15. Plaintiff alleges Ruby PR was involved in providing materials, equipment, and overseeing the construction of the pipe or facility. *See* DKT 54. However, PR was not involved in the providing materials, equipment or overseeing the construction. *See the Affidavit attached as Exhibit A.*

16. Further, PR was not involved in the construction of the Goya facility in question, the construction of the pipe in question or providing the pipe in question. *See the Affidavit Exhibit A.*

## II.
### ARGUMENT & AUTHORITIES

17. For this Court to have jurisdiction over Ruby PR, it must comport with the notions of justice and fairness. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945); *see Bonner v. Triple-S Mgmt. Corp.*, 181 F. Supp. 3d, 371, 374 (S.D. Tex. 2016). Personal jurisdiction must also be consistent with the requirements of Due Process under the Fourteenth Amendment to the United States Constitution. These requirements "must be met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). The Texas long-arm statute only extends to the limits of due process—meaning that only a constitutional analysis is required.

*Bonner*, 181 F.3d at 374; *CSR, Ltd. v. Link*, 925 S.W.2d 591, 594-95 (Tex. 1996); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *see* TEX. CIV. PRAC. & REM. CODE § 17.042. The plaintiff bears the burden of pleading sufficient allegations as to each non-resident defendant within the reach of Texas' long-arm statute, and the defendant must then negate the bases of personal jurisdiction alleged by the plaintiff. *Bonner*, 181 F.3d at 374; *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

18. To determine whether an exercise of jurisdiction by this Court over Ruby PR is consistent with the Due Process Clause of the Constitution, this Court must consider: (1) whether Ruby PR has purposefully established "minimum contacts" with Texas; and, if so, (2) whether the exercise of jurisdiction comports with fair play and substantial justice. *Bonner*, 181 F.3d at 374; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Kelly*, 301 S.W.3d at 657; *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

19. Minimum contacts can be established under either a general or a specific jurisdiction analysis. The United States Supreme Court clarified the standard for general jurisdiction in two decisions—*Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 761, 187 L.Ed.2d 624 (2014) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-919 (2011). In *Daimler*, the Court held that, outside exceptional circumstances, a corporation is "at home" for purposes of general jurisdiction in its formal place of incorporation or where it maintains its principal place of business. 134 S. Ct. at 761 & n.19. The Court explained that general jurisdiction cannot exist unless the defendant's "'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum state.'" *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*, 564 U.S. at 919). As there is no allegation or dispute that BEAR has no place of business in Texas whatsoever, this Special Appearance will focus on the latter issue of specific

4

jurisdiction. When reviewing these factors of specific jurisdiction, Plaintiff's claims against BEAR must be dismissed for lack of personal jurisdiction.

20. Specific jurisdiction is proper only if the cause of action arises from or relates to the particular activities of the non-resident defendant in the forum, so that the non-resident "purposefully availed" itself of the privilege of conducting activities in Texas, thus invoking the benefits and protections of its laws. *Bonner*, 181 F.3d at 374; *Helicopteros Ncionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *Link*, 925 S.W.2d at 595; *Nikolai v. Strate*, 922 S.W.2d 229, 235-36 (Tex. 1996). Specific jurisdiction involves a three step analysis: (1) whether the defendant has minimum contacts with the form, whether it purposefully availed itself of the privileges of conducting activities in the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Bonner*, 181 F.3d at 374.

21. Here, Ruby PR has insufficient minimum contacts to establish specific jurisdiction where it did not purposefully avail itself of the Texas market under a stream of commerce theory or otherwise. While it is true that a defendant can purposefully avail itself of the Texas forum by putting its products into the stream of commerce, the defendant must have more than mere knowledge that its products would reach Texas. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 873 (Tex. 2010). There must also be evidence that the defendant had the intent or purpose to serve the Texas market and must actually direct sales to Texas. *Zinc Nacional, S.A. v. Bouche Trucking*, Inc., 308 S.W.3d 395, 397-98 (Tex. 2010). In the case at bar, there are no allegations, and no facts, that establish Ruby PR had any intent or purpose to serve the Texas market.

22. Moreover, an opportunity to amend the Third Amended Complaint would not cure Plaintiff's jurisdictional failings. The facts presented herein cannot be contested by Plaintiff. As

such, Plaintiff is unable to show that Ruby PR has purposefully availed itself of the privileges and protections of Texas. The exercise of jurisdiction over Ruby PR would offend the traditional notions of fair play and substantial justice, and it would deprive Ruby PR due process as guaranteed by the United States Constitution and the Texas Long Arm statute.

## B.

## DEFENDANT'S ORIGINAL ANWER

Subject to Defendant's Motion 12(b)(2) Motion to Dismiss and as provided by Rule 8 of the Federal Rules of Civil Procedure, all allegations not expressly admitted herein are denied.

## I.
### PARTIES

1. Defendant is without knowledge or information sufficient to form a reasonable belief about the truth in the allegations of Paragraph 1 of Plaintiff's Third Amended Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Third Amended Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Third Amended Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Third Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Third Amended Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Third Amended Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Third Amended Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Third Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Third Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Third Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Third Amended Complaint.

13. Defendant denies the allegations that Ruby PR, LLC is formally known as Industrial Rubber and Mechanics contained in Paragraph 13 of Plaintiff's Third Amended Complaint. Defendant admits the other allegations in paragraph 13.

## II.
### JURISDICTION AND VENUE

14. Defendant is without knowledge or information sufficient to form a believe about the truth of the allegations contained in Paragraph 14 of Plaintiff's Third Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Third Amended Complaint.

## III.
### BACKGROUND

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of Plaintiff's Third Amended Complaint.

17. Defendant is without knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 17 of Plaintiff's Third Amended Complaint.

## IV.
### NEGLIGENCE AND GROSS NEGLIGENCE

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Third Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Third Amended Complaint.

20. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of Plaintiff's Third Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of Plaintiff's Third Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Third Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Third Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Third Amended Complaint.

25. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiff's Third Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Third Amended Complaint.

27. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of Plaintiff's Third Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Third

Amended Complaint.

29. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiff's Third Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Third Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Third Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Third Amended Complaint.

33. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of Plaintiff's Third Amended Complaint.

34. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of Plaintiff's Third Amended Complaint.

## V.
## **WRONGFUL DEATH**

35. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of Plaintiff's Third Amended Complaint.

36. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of Plaintiff's Third Amended Complaint.

37. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of Plaintiff's Third Amended Complaint.

38. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of Plaintiff's Third Amended Complaint.

39. Defendant is without knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 39 of Plaintiff's Third Amended Complaint.

40.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of Plaintiff's Third Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Third Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Third Amended Complaint.

## VI.
### SURVIVAL ACTION

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Third Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Third Amended Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Third Amended Complaint.

## VII.
### PLAINTIFF'S JURY DEMAND

46.     Paragraphs 46 and 47 of Plaintiff's Third Amended Complaint are statements of law and reservations asserted by Plaintiff, which do not require admission or denial from Defendant.

47.     Paragraphs 48 and 49 of Plaintiff's Third Amended Complaint are statements of law and reservations asserted by Plaintiff, which do not require admission or denial from Defendant.

## VIII.
### PRAYER

48.     Defendant denies Plaintiff's entitled to recover the relief sought from Defendant.

### Affirmative Defenses

49.     Defendant asserts that Juan Fuenmayor's employer or other third parties or parties not under the control of this Defendant caused and/or contributed in part or whole the liability and damages as alleged by Plaintiff(s).

50.     Defendant further asserts that the actions of Juan Fuenmayor's, his employer or other third parties or defendants created a sudden emergency or unavoidable accident which caused and/or contributed to the damages sought by Plaintiff(s).

### Jury Demand

51.     Defendants demand a jury on all issues to be tried in this matter and herein submit the jury fee.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant **RUBY PR, LLC**, respectfully requests that the Court grant its Motion to Dismiss, enter an Order dismissing Plaintiff's causes of action against it for lack of jurisdiction, Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**BRIAN G. CANO**
Southern District of Texas Bar No. 622595
Texas State Bar No. 24045613
bcano@feesmith.com
Paige Farrimond
Southern District of Texas Bar No. 3711338
Texas State Bar No. 24125770
pfarrimond@feesmith.com
2777 Allen Parkway, Suite 800
Houston, TX 77019

713-362-8300 [Te]
713-362-8302 [Fax]

**ATTORNEYS FOR DEFENDANT**
**RUBY PR, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of February, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Southern District of Texas - Houston Division, using the electronic case filing system of the Court.

**BRIAN G. CANO**