United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAIKER ALVIAREZ, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-22-376 |
| § | |
| GOYA FOODS, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This case arises from a workplace accident at a Goya Foods manufacturing facility. A forklift hit an overhead pipe, releasing a burst of steam that killed Juan Fuenmayor, a Goya employee. His wife, Naiker Alviarez, and his family sued Goya and other entities that they allege were negligent and contributed to cause the accident. One of those entities is BFM Equipment Sales, LLC. Alviarez alleges that BFM provided the specifications for the pipes at the Goya facility and negligently failed to oversee their installation. Alviarez alleges that BFM should have known that the combination of the forklifts used in the plant and the unguarded overhead pipes could result in a forklift hitting a pipe and releasing dangerous steam.

BFM has moved to dismiss the complaint, claiming a lack of personal jurisdiction, under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Docket Entry No. 84). BFM states that it is a Wisconsin corporation with its headquarters and sole location in Wisconsin and that it cannot be subjected to personal jurisdiction in Texas.

Based on the pleadings, the motion to dismiss and the response, and the applicable law, the motion is granted. The reasons are explained below.

I.      **Legal Standards**

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). The Texas long-arm statute confers jurisdiction to the limits of due process. *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008); TEX. CIV. PRAC. & REM. CODE § 17.041–45; *see also Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). The plaintiff has the burden of demonstrating facts sufficient to establish a prima face case for personal jurisdiction over the foreign companies.

"Minimum contacts" can be established through evidence of "contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction." *Wilson*, 20 F.3d at 647. A court may exercise specific jurisdiction when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). To determine specific jurisdiction, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Id.*

Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Specific jurisdiction requires a "sufficient nexus" between the nonresident defendant's contacts forum contacts and at least one of the causes of action. *Rittenhouse v. Mabry*, 832 F.2d 1380, 1390 (5th Cir. 1987). As part of the minimum-contacts analysis, a court evaluates any contracts, the parties' "actual course of dealing," and the parties' "prior negotiations and contemplated future consequences." *Burger King*, 471 U.S. at 479.

## II.    Analysis

It is clear that a Texas court cannot exercise general personal jurisdiction over BFM. It is a "Wisconsin incorporated company with its headquarters and sole location in Wisconsin," and it has "has no agents, employees, offices, assets, or accounts located in the State of Texas." (Docket Entry No. 84 at 1). The dispute is whether BFM had the minimum contacts with the State of Texas necessary for specific personal jurisdiction.

"The contacts needed for [specific personal] jurisdiction often go by the name 'purposeful availment.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Whether there is purposeful availment when an out of state act causes effects within the state depends upon the interplay of three factors: (1) the existence and degree of purposefulness with which the effect in

3

that forum was created; (2) whether the defendant has other substantial contacts with the forum unrelated to the suit; and (3) the substantiality of the effect itself." *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1269 (5th Cir. 1981).

Alviarez has not made a *prima facie* showing of minimum contacts between BFM and the State of Texas. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) ("Once the plaintiff has made out a *prima facie* showing under the first prong, the burden shifts to the defendant to show, under the second prong of the constitutional due process inquiry, that the exercise of jurisdiction would not comply with "fair play" and "substantial justice." (quoting reference omitted)); *see Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing. Proof by a preponderance of the evidence is not required." (citation omitted)).

Goya contacted BFM in November 2012 to ask it to design a steam injector pipe and have it manufactured by a third party. (Docket Entry No. 84 at 2). BFM states that it believed that the pipe was for a Goya facility in Puerto Rico because, years earlier, BFM had worked with Goya on sizing component parts for the Puerto Rican facility. (Docket Entry No. 84 at 2–3). BFM sent Goya a price quote with shipment addressed to "Goya De Puerto Rico, Inc." (Docket Entry No. 84 at 2–3); (Docket Entry No. 84-4). Goya contacted BFM to ask it to change the customer to the corporate entity "Goya Foods" instead of its Puerto Rican subdivision. (Docket Entry No. 84-6). When BFM asked for the billing address, Goya provided its corporate address in New Jersey. (Docket Entry No. 84-6). It was not until the parties discussed shipment that Goya asked BFM to

4

have the pipe injectors shipped to Texas and provided BFM a specific shipping address in Texas. (Docket Entry No. 84-9).[1]

Alviarez claims that BFM should have known that the product was being designed for a facility in Texas for two reasons: BFM sent emails back and forth with a "Goya Foods of Texas" representative who had "Houston, TX" listed as his address; and after BFM had arranged for a third party to manufacture the pipe, BFM arranged the shipment to Brookshire, Texas.

But "[m]erely contracting with a resident of Texas is insufficient to establish the minimum contacts necessary for personal jurisdiction." *Cardinal Health Sols. Inc v. St. Joseph Hosp. of Port Charlotte Fla. Inc.*, 314 F. App'x 744, 745 (5th Cir. 2009). The Fifth Circuit has also held that "[a]n exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law. Otherwise, jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (citation omitted).

To establish specific personal jurisdiction, the plaintiff "must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting reference omitted); *see also Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) ("Where a defendant knowingly benefits from the availability of a particular state's

---

[1] BFM submits an invoice it sent to Goya listing the final shipping address as New Jersey instead of Texas. (Docket Entry No. 84-10). BFM seems to suggest that the shipping address in New Jersey means that the goods were either actually shipped to New Jersey or that BFM did not know it was going to Texas. (Docket Entry No. 84 at 3–4 ("On May 9, 2013, Goya responded requesting that BFM actually ship the parts to 30602 McAllister Road, Brookshire, Texas, 77423. . . . However, on May 28, 2013, the purchase was completed with a ship to address of 100 Seaview Drive, Secaucus, New Jersey, 07096.")). The record does not show that the pipe shipment went to New Jersey. The declaration of Rick Bindley, the Executive Manager of BFM, indicates that it was shipped to Texas. (Docket Entry No. 84-1).

market for its products, it is only fitting that the defendant be amenable to suit in that state."). Alviarez has not made that showing. Instead, the record shows that when BFM agreed with Goya to arrange for the manufacture of the pipe, BFM believed that the pipe was to be shipped to Puerto Rico. The pipe was not manufactured in Texas and BFM did not know that it would be shipped there until Goya changed the destination just before the shipment took place. BFM cannot be said to have purposely availed itself of the privilege of doing business in Texas. The record does not show that BFM exploited a Texas market or entered a contractual relationship centered there. BFM cannot be subjected to personal jurisdiction in a Texas court.

### III.   Conclusion

BFM's motion to dismiss for lack of personal jurisdiction, (Docket Entry No. 84), is granted.

SIGNED on August 23, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge