United States District Court
Southern District of Texas
**ENTERED**
August 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAIKER ALVIAREZ, individually and on behalf of the Estate of Juan Fuenmayor, et al., <br><br> Plaintiffs, <br> v. <br><br> GOYA FOODS, et al., <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-22-376 |

## ORDER

Juan Jose Triana Fuenmayor was burned to death when a forklift he was operating in a Goya Foods, Inc. food-processing facility struck an overhead pipe carrying hot water and beans. Mr. Fuenmayor's family sued Goya and several corporate entities on the theory that the pipe was negligently installed too close to the ground and was defectively designed and manufactured. The court granted summary judgment for one of those entities—Zachry Engineering—because there was no evidence that it was involved in the height of the pipe or had undertaken to identify hazards relating to the pipe. (Docket Entry No. 181). Another defendant, Key Technology, Inc., now moves for summary judgment, arguing that it, too, had nothing to do with the design, manufacture, or installation of the pipe. (Docket Entry No. 187). The plaintiffs responded, moved for summary judgment on Key's affirmative defenses, and objected to Key's summary judgment evidence. (Docket Entry Nos. 188, 194, 199). In reply, Key has moved to exclude the testimony of the plaintiffs' expert, Gregg Perkin, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Docket Entry No. 197).

The court held a status conference on August 8, 2024. Both the plaintiffs and Key asked for a prompt ruling on the pending motions to facilitate their upcoming mediation. In the interest of satisfying that request, the court makes the following rulings. A separate memorandum and opinion setting out the underlying reasons in detail is forthcoming.

**Key's *Daubert* Challenge to Gregg Perkin is OVERRRULED**. The court finds that Mr. Perkin, while not an expert in food-processing equipment, possesses qualifications and has experience that allow him to give relevant and reliable opinions about the safety of the equipment at issue. *See Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 665 (S.D. Tex. 2009). Key's objections to Perkin's specific opinions go to the weight of the evidence, not its admissibility.

**Key's Motion for Summary Judgment is DENIED.** The evidence reflects that Key supplied equipment that was "ported" to the pipe that burst and released hot steam under high pressure, causing Mr. Fuenmayor's injuries and death. Key supplied the hydraulic pump and blancher that were connected by the "incident" pipe. The evidence also shows that Key contracted to ensure that the equipment it supplied was installed properly in Goya's facility, and to "review[] potential hazards and safety issues." Key strenuously argues, and has presented evidence, that Goya hired Key to ensure proper installation and safety only as to the equipment it provided, and that it did not supply or install the incident pipe. However, there are factual disputes material to determining whether the low installation height of the incident pipe made Key's hydraulic pump and blancher hazardous. It was within the scope of Key's contractual duty to identify potential hazards with the equipment connected to the equipment that Key supplied or installed, even if the potential hazard was directly caused by a pipe that it did not supply or install.

There is also a factual dispute as to whether the danger of the pipe bursting from a physical impact that would cause it to rupture and release the high-temperature contents that were under high pressure was reasonably foreseeable to Key. The evidence shows that Key inspected the installed equipment in Goya's facility, and that Key saw that mobile machinery was being operated at the facility. Key argues that it did not know that a forklift as high as the one Mr. Fuenmayor was operating would be used in the area underneath the pipe. Accepting that argument, there is nonetheless a factual dispute as to whether Key should have known that there would be equipment used underneath the pipes and that the pipe was low enough to create a risk of the equipment hitting the pipe and causing it to rupture. There is a factual dispute as to whether Key was negligent, or grossly negligent, in failing to identify and warn Goya that the low pipe was a hazard.

Finally, there are triable issues of fact underlying the plaintiffs' design defect claims, including whether Key's equipment should have had an automatic shut-off feature—a feasible alternative—reducing Mr. Fuenmayor's exposure to the scalding beans and steam.

**The Plaintiffs' No-Evidence Motion for Summary Judgment is DENIED.** Key has raised triable issues of fact in support of its affirmative defenses, including whether Mr. Fuenmayor was negligent in operating the forklift and whether, and to what extent, his negligence contributed to his injuries.

The court hopes these rulings assist the parties in their discussions.

SIGNED on August 12, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge